UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CHARLENE HEDLUND,**

      **Plaintiff,**

**v.**

                                    **CASE NO. 8:06-CV-1077-T-EAJ**

**MICHAEL J. ASTRUE,[1]**
**Commissioner of Social Security,**

      **Defendant.**
_____ /

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under the Act.[2]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 11).

1

applicable legal standards. <u>See</u> 42 U.S.C. § 405(g) (2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. <u>Goodley v. Harris</u>, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. <u>See</u> <u>Davis v. Shalala</u>, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. <u>See</u> <u>Jamison v. Bowen</u>, 814 F.2d 585, 588 (11th Cir. 1987).

## I.

Plaintiff filed an application for Disability Insurance Benefits on April, 27, 2004, claiming an onset of disability on March 13, 2003. (T 37) Plaintiff argues that the pain, fatigue, and loss of concentration caused by health problems such as fibromyalgia, depression, hypertension, and dysrythmic disorder have made it impossible for her to work. (T 47) Taking prescribed medicine has reduced Plaintiff's pain but has induced fatigue and sleepiness. (T 292-96)

Plaintiff's application was denied initially and upon reconsideration, and then by the ALJ in a decision dated February 24, 2006. (T 22, 25, 33) On May 12, 2006, the Appeals Council denied Plaintiff's request for review, thereby allowing the decision of the ALJ to stand. (T 3) Plaintiff then filed a timely petition for judicial review of the Commissioner's denial of benefits (Dkt. 1). Having exhausted all administrative remedies, the Commissioner's decision is ripe for review under the Act.

Plaintiff was 58 years old at the time of the ALJ's decision. (T 16)  Her educational credentials include a GED and a computer programming certificate from a school in Chicago. (T 277)  Plaintiff is a former computer programmer, programmer consultant, retail sales clerk, and customer service representative. (T 278-84)  Overall, her jobs did not require frequent lifting or moving. (T 63-67)

On December 12, 2005, Plaintiff attended a hearing before the ALJ to appeal her denial of disability benefits. (T 274)  Although Plaintiff had not engaged in substantial gainful activity since the onset of her impairments, the ALJ determined that Plaintiff s residual functional capacity ("RFC") was suitable for sedentary jobs similar to her past relevant work.  (T 17, 22)  The ALJ found that Plaintiff had the following RFC suitable for a wide range of sedentary activity:

> [Plaintiff can] lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk about six hours in an eight-hour workday, and sit about six hours in an eight-hour workday, with pushing and pulling unlimited. The claimant has generalized osteoarthritis of the spine without related functional loss. Her diagnosis of obesity does not cause functional limitations at the sedentary level of work. The claimant should avoid concentrated exposure to extreme cold, extreme heat and humidity.

(T 20)  The ALJ discussed the impairments and pain associated with Plaintiff's medical conditions. In particular, the ALJ considered Plaintiff's fibromyalgia and obesity to be, "'severe' impairments within the meaning of the Regulations." (T 18)   However, the ALJ found that none of Plaintiff's impairments, individually or combined, was equivalent to a listing in Appendix 1, Subpart P, Regulations No. 4, as required by 20 C.F.R. § 404.1520 for a finding of disability. (Id.)

Additionally, the ALJ cited inconsistencies between Plaintiff's testimony and presented medical evidence which cast doubt upon the credibility of Plaintiff's claims regarding her limitations. (T 21) Therefore, the ALJ concluded that Plaintiff's statements regarding her limitations

were not wholly credible. Applying the five part test as set forth in 20 C.F.R. § 404.1520, the ALJ decided that Plaintiff was not entitled to disability benefits. (T 22)

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

## II.

Plaintiff's sole argument on appeal is that the ALJ erred by failing to give proper weight to Plaintiff's subjective complaints of pain (Dkt. 12 at 3).  For the reasons set forth below, the decision of the Commissioner is affirmed.

**A.** It is incumbent upon the ALJ to make credibility findings as to a claimant's testimony. See generally Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985).  The Eleventh Circuit has adopted a three part test by which to judge the credibility of a claimants subjective testimony as to his or her pain.  Disability may be established if there is (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991); see also 42 U.S.C. § 423(d)(5)(A).  This standard is consistent with Social Security Regulations which provide that a claimant may establish a disability through subjective testimony of pain if "medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms."  Elam v. R. R. Ret. Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (quoting 20 C.F.R. §§ 404.1529, 416.929).

An ALJ's credibility determination "does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the reviewing court] to

conclude that [the ALJ] considered her medical condition as a whole." <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks and citations omitted). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." <u>Foote v. Charter</u>, 67 F.3d 1553, 1562 (11th Cir. 1995) (citation omitted). Similarly, it is the Commissioner's responsibility to draw inferences from the evidence, and those inferences will not be overturned if supported by substantial evidence. <u>Davis v. Apfel</u>, 93 F. Supp. 2d 1313, 1316 (M.D. Fla. 2000).

The ALJ determines the credibility of the evidence in light of the entire record. 20 C.F.R. § 404.1529(c)(2)-(4). Here the ALJ expressly applied the pain standard and determined that Plaintiff's claims as to her pain impairment were not entirely credible. (T 19) The ALJ found that the alleged severity of Plaintiff's pain was not consistent with the medical evidence in the record. (<u>Id.</u>) Thus, the ALJ found Plaintiff's testimony generally not credible. (<u>Id.</u>)

The question remaining, therefore, is whether the ALJ's assessment discounting Plaintiff's testimony regarding her symptoms and limitations is based on substantial evidence.[3] Plaintiff argues that the opinions within her medical record indicate that she has fibromyalgia, depression, dysthimic disorder, and obesity. (T 209-10) Plaintiff contends that nothing in the record contradicts her testimony and that the ALJ's findings are without merit (Dkt. 12).

The ALJ has substantial evidence supporting his decision to discredit the pain testimony of Plaintiff. (T 19-21) Contrary to Plaintiff's assertion, the ALJ cited numerous specific reasons for rejecting the credibility of Plaintiff's pain testimony. The ALJ noted that the extreme descriptions

---

[3]Plaintiff cites the more stringent Ninth Circuit standard requiring clear and convincing evidence to reject a plaintiff's testimony on pain (Dkt. 12). However, this case is governed by the laws of the Eleventh Circuit.

of her pain were at odds with her normal routine of activities. (T 19, 60)  Plaintiff's regular activities include watching television, making coffee, and talking on the phone. (T 288-90)  Occasionally, Plaintiff will travel aboard airplanes or drive to the store. (T 291)  The ALJ found that these kinds of activities were similar to the demands of sedentary gainful activity. (T 21, 278-80); see 20 C.F.R. § 404.1529(c)(4)(I).  Additionally, Plaintiff's assertion that her disabled husband performed most of the housework cast further doubt upon the credibility of her testimony.  (T 289-90)

While the ability to engage in everyday activities of short duration does not disqualify a claimant from receiving disability benefits, Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997), the Commissioner may rely on a claimant's daily activities, among other evidence, in determining whether a claimant is entitled to disability benefits.  Johnson v. Barnhart, 268 F. Supp. 2d 1317, 1328 (M.D. Fla. 2002). Here, daily activities were but one of the factors the ALJ used to determine Plaintiff's credibility. (T 19-20)

As well as Plaintiff's daily activities, the medical evidence in the record is often in conflict with Plaintiff's claims of constant and debilitating pain.  On March 14, 2003, Plaintiff visited Gerald Eisenberg, M.D. ("Dr. Eisenberg") regarding her fibromyalgia. Despite her complaints of muscular discomfort, Dr. Eisenberg wrote that Plaintiff had no swelling, normal vital signs, and a good range of motion.  (T 112)  In a report from a previous visit, Dr. Eisenberg remarked that Plaintiff's complaints of severe pain had not kept her from her full time job handling customer phone calls. (T 116)  Although Plaintiff claims she endures constant pain, she allowed a to year elapse between visits to her treating physician. (T 20)  The ALJ found that this behavior was not consistent with the severity of the disability alleged. (T 20)

On November 29, 2004, Plaintiff saw Jack Lipps, M.D. ("Dr. Lipps"), for chronic pain, fatigue, and mobility problems. (T 207-10)  The results of Dr. Lipps' disability examination of

6

Plaintiff were essentially normal. (Id.)  Dr. Lipps noticed no difficulties with her range of motion or motor strength and remarked that, "her prognosis is good despite the fact that she has multiple diagnoses." (T 210)  He even commented that Plaintiff appeared "fairly robust" and in "no apparent distress."  (T 208, 210)  Plaintiff told Dr. Lipps that taking her medication has improved her pain. (T 207)

Plaintiff's assertions as to her mental difficulties and depression are in direct conflict with the findings of her physicians and the state agency consulting physicians. (T 19-20)  On December 6, 2004, Plaintiff met with Gerald Hodan, Ph.D. ("Dr. Hodan"), a licensed psychologist, to discuss her depression and memory problems. (T 214)  Dr. Hodan found no psychological impairments that would affect Plaintiff's ability to perform gainful activity. (T 216)  According to Dr. Hodan,  she was,  "alert, clear thinking", and without severe impairments in attention, concentration, or memory functions. (T 215)  Plaintiff reported to Dr. Hodan that the drug Paxil has been helpful in the treatment of her depression. (T 215)

The ALJ determined from testimony, the medical record, and previous employment history that Plaintiff retains a limited RFC to the extent that she can perform work similar to her previous sedentary occupations. The ALJ recognized that Plaintiff's impairments do cause a degree of pain. However, by her own account, Plaintiff has begun to see positive results from her pain medication. (T 215, 286, 290, 293) Despite that Plaintiff's pain medicine makes her drowsy, it allows her to do more of her normal activities. (T 286, 288)

There is adequate evidence to support the ALJ's finding that Plaintiff's pain is not so persistent and severe that it precludes sedentary work of the type Plaintiff had performed n the past. There was no error in the ALJ's consideration of Plaintiff's pain testimony and substantial evidence supports the ALJ's credibility determination. See generally Allen v. Sullivan, 880 F.2d 1200, 1202

(11th Cir. 1989).

## III.

The ALJ's decision is supported by substantial evidence and the proper legal principles. The decision of the Commissioner denying Plaintiff's application for Disability Insurance is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)     the decision of the Commissioner is **AFFIRMED**, and this case is **DISMISSED** with each party to bear its own costs and expenses; and

(2)     the Clerk of Court shall enter final judgment in favor of Defendant, consistent with 42 U.S.C. § 405(g).

**DONE AND ORDERED** in Tampa, Florida this 3rd day of August, 2007.

ELIZABETH A JENKINS
United States Magistrate Judge